[Civ. No. 6713. First Appellate District, Division One.—May 24, 1929.]

MARY E. DALY, Appellant, v. MARY A. WIGHT et al., Respondents.

128

Tanner, Odell & Taft for Appellant.

Warren L. Williams and Seymour S. Silverton for Respondents.

LUCAS, J., *pro tem.*—By this action appellant Mary E. Daly, housemaid and servant of respondent Mary A. Wight, seeks to recover damages from said respondent and from respondents Anderson Brothers, plumbers, who were engaged in repairing the plumbing in the basement of the Wight home. It is alleged that appellant sustained personal injuries in the course of her employment by reason of the negligence of the several respondents.

The evidence shows that on the day the injuries are alleged to have been sustained, Anderson Brothers had made an excavation in the floor of the Wight basement approximately three feet long and variously estimated to be from eight inches to a foot and a half wide and of a depth equal to its width. After Anderson Brothers had quit their work for the day, appellant went down to the basement for the purpose of turning off the electric lights, found the basement floor partially flooded with water, and while walking through the water for the purpose of turning off the lights stepped into the excavation, stumbled and fell against a sledge hammer, thereby bruising her body and fracturing two ribs.

The respondents Wight and Anderson Brothers filed separate answers, in substance denying the material allegations of appellant's complaint and averring that negligence on the part of appellant was the proximate cause of her injury. In addition, respondent Wight in her answer pleaded that Anderson Brothers were independent contractors and that they alone were responsible for the injuries complained of, if any.

The case was tried without a jury and the court rendered judgment for respondents. From this judgment appeal is taken on the ground that the evidence is insufficient to justify certain findings.

■ The findings that Anderson Brothers did not negligently or at all leave the hole in the basement unprotected or uncovered, and that appellant had knowledge of the existence of said hole, are both said to be erroneous. Yet, in this regard, John R. Anderson, one of the respondents, and the witness, John Lightfoot, both testified that when they quit work the afternoon in question, as a protection against accident, they left the electric lights burning in the basement and barricaded the excavation with an ironing-board and so-called zig-zag clothes bar. They also testified that appellant was told by Anderson about the hole in the basement floor and was advised to leave the lights burning.

Appellant testified in effect that at the time of the accident the excavation was filled with water; the basement floor was covered with water, and that she saw nothing on the surface of the water at all. Appellant's son-in-law, C. H. Stoddard, gave similar testimony. Appellant denied that she knew anything about the existence of the hole or was told to keep the lights burning. There being a substantial conflict in the foregoing testimony and the court hearing the evidence being in a far better position to say who told the truth than is this court, its findings in reference thereto should not be disturbed.

"It is a cardinal doctrine often enunciated, that where, upon a question of fact, the testimony in the court below involves a substantial conflict, the action of the court below will not be disturbed." (10 Cal. Jur., p. 1172, and cases cited.)

■ The finding of the trial court that appellant's injuries were sustained by reason of her own carelessness and negli-

gence is, in the opinion of this court, sufficiently supported by the evidence. For, in spite of an oral warning of a hidden danger, a barricade indicating such danger, the presence of water obstructing the view of the course she was about to pursue, and the request not to do the very thing she was doing when injured, appellant nevertheless wilfully persisted in a course of conduct which resulted in her injury.

In view of the supported findings that appellant herself was negligent and that the respondents Anderson were free from negligence, the question as to whether other findings are unsupported by the evidence becomes of no importance.

As to the liability of respondent Wight, the most that can be said is that her negligence is to be measured by that of the Andersons, and since they have been properly found free from negligence, so must she. Neither being negligent, it is not necessary to consider the remaining issue as to whether or not the Andersons were independent contractors.

The judgment appealed from is affirmed.

Tyler, P. J., and Knight, J., concurred.